422 F.2d 1035
 G-B, INC., Appellee,
v.
UNITED STATES of America, Appellant.
 No. 301-69.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1970.
 
 Elmer J. Kelsey, Atty., Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., and James L. Treece, U. S. Atty., of counsel, with him on the brief), for appellant.
 Bruce L. Evans, Denver, Colo. (Hover T. Lentz and Duane F. Wurzer, Denver, Colo., with him on the brief), for appellee.
 Before LEWIS and SETH, Circuit Judges, and BRATTON, District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting the taxpayer-appellee's motion for summary judgment in a suit for an income tax refund. The only issue which was before the trial court and is presented on this appeal is whether or not the taxpayer maintained an inconsistent position which was adopted in a prior determination so as to bring the matter within the mitigation provisions contained in sections 1311-1315 of the Internal Revenue Code of 1954.
 
 
 2
 The issue arises from the incorporation by the taxpayer of a mortgage company in 1959 and transfer to it of certain loans and contracts in exchange for stock. The taxpayer did not include the transfer in either his 1959 or 1960 income tax returns, since he took the position that the transactions were not taxable by reason of section 351 of the 1954 Code. In 1963 a deficiency assessment was made against the taxpayer for the year 1960. The taxpayer paid the deficiency and in a suit for the refund, he asserted that the event was not taxable at any time, and in any event, the transactions took place in 1959 and not 1960. The taxpayer moved the court for a summary judgment which was not contested, and the determination was thereupon made that there were no additional taxes due for 1960. The same judge who made this determination heard this case in the trial court and described the scope of the issues decided by him in 1966. Then in 1967 the Internal Revenue Service assessed a deficiency for 1959 on the same transactions and again the taxpayer paid the deficiency and then commenced this action. The complaint alleges that the assessment is barred by the statute of limitations, 26 U.S.C. § 6501(a). The Government asserts that the assessment for 1959 is permitted by sections 1311-1315 of the 1954 Internal Revenue Code, referred to above. More particularly the Government relies upon section 1312(3) (A) of the 1954 Code.
 
 
 3
 The trial court found in granting summary judgment that the taxpayer had not maintained an inconsistent position within the meaning of the sections referred to, and thus the bar of the statute of limitations was effective. We have examined the record and we agree with the trial court that the taxpayer throughout the several proceedings has always maintained that the event is not taxable at all and that the transactions took place in 1959. The record shows also that the trial judge in 1966 wherein he ordered a refund on the 1960 taxes did not adopt a position of the taxpayer which is inconsistent with nontaxability in 1959. The only determination made by the trial judge in 1966 was in accord with the taxpayer's assertion that the event did not occur in 1960. In our opinion the record supports the findings and conclusions of the trial judge.
 
 
 4
 The trial judge has filed a comprehensive opinion to which we can add little (302 F.Supp. 851), and we adopt it as the proper determination of the legal issues presented. For our disposition of the case it is however not necessary for us to reach a decision on the significance of res judicata in the prior determination and consequently we express no opinion thereon.
 
 
 5
 Affirmed.